COMMONWEALTH OF KENTUCKY
44TH JUDICIAL CIRCUIT
BELL CIRCUIT COURT
CIVIL ACTION NO. 18-CI-4025

CHARLIE L. GREGORY                                          PLAINTIFF,

v.                                **COMPLAINT**

EDWIN D. JOHNSON
**Serve via: Kentucky Secretary of State**
    Edwin D. Johnson
    1133 Ada Ave. Apt. A
    Columbus, Georgia 31906

and

DAIMLER TRUST
**Serve via: Certified Mail**
    Daimler Trust
    c/o C.T. Corporation System, registered agent
    306 W. Main Street
    Suite 512
    Frankfort, Kentucky 40601

and

U.S. XPRESS LEASING, INC.
**Serve via: Kentucky Secretary of State**
    U.S. XPRESS LEASING, INC.
    Attn: Lisa Pate
    4080 Jenkins Road
    Chattanooga, Tennessee 37421-1174

and

U.S. XPRESS ENTERPRISES, INC.
**Serve via: Kentucky Secretary of State**
    U.S. XPRESS ENTERPRISES, INC.
    Attn: Lisa Pate
    4080 Jenkins Road
    Chattanooga, Tennessee 37421-1174

1

and

U.S. XPRESS, INC.
**Serve via: Certified Mail**
      US Xpress Inc.
      c/o Corporation Service Company, registered agent
      421 W. Main Street,
      Frankfort, Kentucky 40601

and

DOLLAR GENERAL CORPORATION
**Serve via: Certified Mail**
      Dollar General Corporation
      c/o Corporation Service Company, registered agent
      421 W. Main Street,
      Frankfort, Kentucky 40601

and

DOLLAR GENERAL PARTNERS              DEFENDANTS.
**Serve via: Certified Mail**
      Dollar General Partners
      Attn: DG Strategic VI, LLC, Partner
      c/o Corporation Service Company, registered agent
      421 West Main Street
      Frankfort, Kentucky 40601

* * * * * *

Comes the Plaintiff, Charlie L. Gregory, by counsel, and for his cause of action herein, states as follows:

1. The Plaintiff is a resident of the Commonwealth of Kentucky.

2. The Defendant, Edwin D. Johnson is, on information and belief, a non-resident of the Commonwealth of Kentucky, who may be served with summons via the Commonwealth of Kentucky Secretary of State as his Statutory Agent for service of process pursuant to KRS 454.210, at his last known address, being:

2

Edwin D. Johnson
1133 Ada Ave., Apt A,
Columbus, Georgia 31906

3. The Defendant, Daimler Trust (hereinafter "Daimler"), is, on information and belief, a

foreign business trust, organized and existing under the laws of Delaware, authorized to do

business in the Commonwealth of Kentucky, and whose registered agent for process in this

Commonwealth is:

Daimler Trust
c/o C T Corporation System
306 W. Main Street
Suite 512
Frankfort, Kentucky 40601

4. The Defendant, U.S. Xpress Leasing, Inc. is, on information and belief, a foreign

corporation, organized and existing under the laws of Tennessee, not authorized to do business in

the Commonwealth of Kentucky, and who may be served with Summons via the Kentucky

Secretary of State as its Statutory Agent for service of process in this Commonwealth pursuant to

KRS 454.210, directed to the Defendant's registered address in Tennessee:

U.S. Xpress Leasing, Inc.
Attn: Lisa Pate
4080 Jenkins Road
Chattanooga, Tennessee 37421-1174

5. The Defendant, U.S. Xpress Enterprises, Inc. is, on information and belief, a foreign

corporation, organized and existing under the laws of Nevada, not authorized to do business in the

Commonwealth of Kentucky, and who may be served with Summons via the Kentucky Secretary

of State as its Statutory Agent for service of process in this Commonwealth pursuant to KRS

454.210, directed to the Defendant's principal address and registered address in Tennessee:

U.S. Xpress Enterprises, Inc.
Attn: Lisa Pate
4080 Jenkins Road
Chattanooga, Tennessee 37421-1174

6. The Defendant, U.S. Xpress, Inc. is, on information and belief, a foreign corporation, organized and existing under the laws of Nevada, authorized to do business in the Commonwealth of Kentucky, and whose registered agent for process in this Commonwealth is:

U.S. Xpress, Inc.
c/o Corporation Service Company, registered agent
421 W. Main Street,
Frankfort, Kentucky 40601

7. The Defendant, Dollar General Corporation is, on information and belief, a Tennessee corporation, authorized to do business in the Commonwealth of Kentucky, and whose registered agent for process in this Commonwealth is:

Dollar General Corporation
c/o Corporation Service Company, registered agent
421 W. Main Street,
Frankfort, Kentucky 40601

8. The Defendant, is Dollar General Partners is, on information and belief, a Kentucky general partnership, who may be served with summons upon any partner pursuant to CR 4.04(4); summons herein may be directed to one of its partners, DG Strategic VI, LLC, which has a registered agent for process in this Commonwealth, as shown below:

Dollar General Partners
Attn:   DG Strategic VI, LLC, Partner
c/o Corporation Service Company, registered agent
421 West Main Street
Frankfort, Kentucky 40601

4

9.   On or about December 14, 2016 at or near the intersection of US Hwy 119 and US Hwy 25E, in or near Pineville, Bell County, Kentucky the Defendant, Johnson, while in the course and scope of his employment with one or more of the Defendants, Daimler Trust, U.S. Xpress Leasing, Inc., U.S. Xpress Enterprises, Inc., U.S. Xpress, Inc., Dollar General Corporation and Dollar General Partners, operated a motor vehicle in such a careless and negligent manner as to cause it to collide with the Plaintiff, Charlie L. Gregory.

10.   At all relevant times, the Defendant, Johnson was employed by and acting within the course and scope of his employment with one or more of the Defendants, Daimler Trust, U.S. Express Leasing, Inc., U.S. Xpress Enterprises, Inc., U.S. Xpress, Inc., Dollar General Corporation and Dollar General Partners, thereby causing one or more of the Defendants, Daimler Trust, U.S. Express Leasing, Inc., U.S. Xpress Enterprises, Inc., U.S. Xpress, Inc., Dollar General Corporation and Dollar General Partners to be either directly or vicariously liable for the injuries sustained by the Plaintiff due to the negligence of their servant or employee, the Defendant Johnson..

11.   The vehicle that Defendant Johnson was operating at the time of the collision above-referenced was a commercial tractor-trailer truck owned or legally controlled by and registered in the name of one or more of the Defendants Daimler Trust, U.S. Express Leasing, Inc., U.S. Xpress Enterprises, Inc., U.S. Xpress, Inc., Dollar General Corporation and Dollar General Partners, thereby making such defendant legally responsible for the injuries sustained by the Plaintiff as described herein.

5

12.   As a result of the above described negligence and conduct of the Defendants, Johnson, and the Defendants, Daimler Trust, U.S. Express Leasing, Inc., U.S. Xpress Enterprises, Inc., U.S. Xpress, Inc., Dollar General Corporation and Dollar General Partners, the Plaintiff, Charlie L. Gregory, was injured in, on and about his body, both temporarily and permanently; incurred medical expenses and will continue to do so in the future; lost time from his work and had his power to labor and earn money permanently impaired, both past and future; was caused to suffer great pain, both mental and physical, past and future, all to his detriment and damage, and all in amounts which exceed the jurisdictional minimum of this court.

WHEREFORE, Plaintiff Charlie L. Gregory demands:

1.   Judgment against the Defendants, Daimler Trust, U.S. Express Leasing, Inc., U.S. Xpress Enterprises, Inc., U.S. Xpress, Inc., Dollar General Corporation and Dollar General Partners, and Edwin D. Johnson, jointly and severally, in an amount which will fairly and reasonably compensate the Plaintiff for the damages incurred as described herein;

2.   Trial by jury;

3.   His costs expended herein;

4.   Any and all other relief to which he may appear to be entitled.

Respectfully submitted,

NAGLE LAW OFFICES
P.O. Box 248
Middlesboro, Kentucky 40965
PH: (606) 248-2144
FAX: (606) 248-2774

BY: _Jennifer F. Nagle_
JENNIFER F. NAGLE
Counsel for Plaintiff

pleadings\dec2018\charley.gregory.complaint

6



COLBY SLUSHER
BELL COUNTY CIRCUIT COURT CLERK
BELL CIRCUIT & DISTRICT COURTS
FARMER HELTON JUDICIAL CENTER
101 WEST PARK AVENUE, P.O. BOX 30'
PINEVILLE, KENTUCKY 40977-0307



7016 0910 0001 8057 7345



U.S. POSTAGE >> PITNEY BOWES

ZIP 40977   $ 006.88⁰
02 4W
0000340186 DEC. 13. 2018

CI 18-CI-00425
644307

U.S. XPRESS, INC.,
C/O CORPORATION SERVICE COMPANY
421 W. MAIN STREET
FRANKFORT KY 40601

4060181815 C003

COMMONWEALTH OF KENTUCKY
44TH JUDICIAL CIRCUIT
BELL CIRCUIT COURT
CIVIL ACTION NO. 18-CI-425

CHARLIE L. GREGORY                                                    PLAINTIFF

v.              **STIPULATION OF VOLUNTARY DISMISSAL**

EDWIN D. JOHNSON;
AND
DAIMLER TRUST
AND
U.S. XPRESS LEASING, INC.
AND
U.S. XPRESS ENTERPRISES, INC.
AND
U.S. XPRESS, INC.
AND
DOLLAR GENERAL CORPORATION
AND
DOLLAR GENERAL PARTNERS                                              DEFENDANTS

\*\*\* \*\*\* \*\*\*

Plaintiff Charlie L. Gregory, by counsel, pursuant to CR 41.01 of the Kentucky Rules of

Civil Procedure, and prior to any service of an Answer, hereby voluntarily agrees to dismiss

without prejudice claims in this action against Daimler Trust, U.S. Xpress Leasing, Inc., U.S.

Xpress Enterprises, Inc., Dollar General Corporation and Dollar General Partners.   U.S.

Xpress, Inc. has stipulated to Plaintiff that the Defendants being dismissed have never

employed Edwin Johnson, the driver of the tractor, and are not commercial motor carriers and,

therefore, do not have authority to operate said tractor involved in the accident.  At the time of

the Accident at issue in this case, the tractor-trailer involved in the accident was being

operated by U.S. Xpress, Inc., and was being driven by Edwin D. Johnson, an employee of

U.S. Xpress, Inc.   The action will remain pending against Defendants Edwin D. Johnson and

U.S. Xpress, Inc. as the proper defendants in said suit.

This is a voluntary dismissal without prejudice by Plaintiff of Defendants Daimler Trust, U.S. Xpress Leasing, Inc., U.S. Xpress Enterprises, Inc., Dollar General Corporation and Dollar General Partners based upon stipulation provided by U.S. Xpress, Inc. in order that the proper parties may remain before this Court.

HAVE SEEN AND AGREE TO on this 9th day of January, 2019:

s/Tracey Clemmons Smith
Tracey Clemmons Smith (Bar No. 89678)
Gwin Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
Louisville, KY 40202
*Counsel for Edwin D. Johnson and U.S. Xpress, Inc.*


s/Jennifer F. Nagle
Jennifer F. Nagle
Nagle Law Offices
P.O. Box 248
Middlesboro, KY 40965
*Counsel for Plaintiff*

COMMONWEALTH OF KENTUCKY
44TH JUDICIAL CIRCUIT
BELL CIRCUIT COURT
CIVIL ACTION NO. 18-CI-425
**--ELECTRONICALLY FILED--**

CHARLIE L. GREGORY                                                        PLAINTIFF

v.      **DEFENDANTS' U.S. XPRESS INC. AND EDWIN JOHNSON'S ANSWER
        TO PLAINTIFF'S COMPLAINT**

EDWIN D. JOHNSON, et al.                                                  DEFENDANTS

***** ***** *****

Defendants U.S. Xpress, Inc. and Edwin D. Johnson, ("Defendants") for their Answer to

Plaintiff's Complaint states as follows:

**FIRST DEFENSE**

1.      Each allegation in the Complaint not specifically admitted to be true is denied.

**SECOND DEFENSE**

2.      Defendants are without personal knowledge to admit or deny the allegations in

Paragraph 1 of the Complaint concerning the residency of Plaintiff. The Uniform Traffic Report

indicates that he was a resident of Kentucky.

3.      The allegations in Paragraph 2 and 6 of the Complaint contain either conclusions

of law relating to service and/or service of process for which these Defendants are not required to

respond or answer. In further response to the allegations in Paragraph 2 and 6 of the Complaint

Defendants admit that Edwin D. Johnson is a non-resident of the Commonwealth of Kentucky and

that Defendant U.S. Xpress, Inc. is authorized to do business in the Commonwealth of Kentucky

and is incorporated in Nevada.

4.      The allegations in Paragraphs 3, 4, 5, 7, and 8 are not directed towards Defendants

and these other named defendants have been voluntarily dismissed from the suit by Plaintiff's

1

counsel pursuant to a stipulation filed prior to any party answering under CR 41.01, and therefore, no response is necessary.

5.      Defendants admit only the allegations in Paragraph 9 of the Complaint that Edwin D. Johnson was acting within his course and scope of his employment with U.S. Xpress, Inc. on or about December 14, 2016. All remaining allegations in Paragraph 9 of the Complaint are denied.

6.      Defendants admit only the allegations in Paragraph 10 of the Complaint that Defendant Johnson was employed by and acting within his course and scope of his employment with U.S. Xpress, Inc. Defendants state the remaining allegations are conclusions of law to which no response is needed. If a response is necessary, Defendant admits that only U.S. Xpress, Inc. is the proper employer. The remaining allegations in Paragraph 10 of the Complaint are denied.

7.      Defendants state in reference to the allegations in Paragraph 11 of the Complaint that at the time of the accident at issue in this case, the tractor-trailer involved in the accident was being operated under the placard and interstate motor carrier operating authority of U.S. Xpress, Inc. issued by the United States Department of Transportation, Federal Motor Carrier Safety Administration, and was being driven by Defendant Johnson, an employee of U.S. Xpress, Inc., and therefore, U.S. Xpress, Inc. and Johnson are the only remaining Defendants to said action. All remaining allegations in Paragraph 11 of the Complaint are hereby denied.

## THIRD DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, on the grounds that Kentucky's Motor Vehicle Reparations Act, KRS § 304.39-010 *et seq.*, is Plaintiff's exclusive remedy for the injuries and damage claimed, and Defendants assert each and every defense available thereunder.

## FOURTH DEFENSE

9.      Pending discovery, Plaintiff's claims may be barred, in whole or in part, by his own comparative fault and/or his own failure to mitigate his alleged damages.

## FIFTH DEFENSE

10.      Pending discovery, Plaintiff's claims may be barred, in whole or in part, by the fault of other parties or persons for whom Defendants are not responsible.

## SIXTH DEFENSE

11.      Pending discovery, claims and damages asserted by Plaintiff may have been caused, in whole or in part, by causes other than the incident cited in the Complaint.

## SEVENTH DEFENSE

12.      All defenses, terms, provisions, conditions, and limitations contained in Kentucky's Motor Vehicle Reparations Act are hereby adopted, incorporated, and pled by reference herein.

## EIGHTH DEFENSE

13.      Pending discovery regarding the accident, Defendant states that Plaintiff's claims may be barred by Statute of Limitations.

## NINTH DEFENSE

14.      Defendants reserve the right to assert any defense set forth in CR 8.03 as is supported by evidence.

## TENTH DEFENSE

15.      Defendants reserve the right to amend its Answer and to assert other claims and defenses as the proof develops including appropriate cross-claims, third-party complaints, and other pleadings.

**WHEREFORE**, Defendant Edwin Johnson and U.S. Xpress, Inc., respectfully

demands:

1.      Dismissal of Plaintiff's Complaint with prejudice;

2.      Recovery of its costs and attorney's fees (if applicable) incurred in defense of this

action; and

3.      Any and all other relief to which Defendants are entitled.

Respectfully submitted,

s/Tracey Clemmons Smith
Tracey Clemmons Smith (Bar No. 89678)
GWIN STEINMETZ & BAIRD, PLLC
401 West Main Street
Suite 1000
Louisville, KY  40202
(502) 618-5716
tcsmith@gsblegal.com
*Counsel for Defendants, U.S. Xpress, Inc. and Edwin
D. Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically, by
U.S. Mail, and/or served via the AOC's electronic filing system on this 9th day of January, 2019
upon:

Jennifer F. Nagle
Nagle Law Offices
P.O. Box 248
Middlesboro, KY  40965
Jennifernagle7@gmail.com
*Counsel for Plaintiff*

s/Tracey Clemmons Smith



**CSC**

# Notice of Service of Process

TMM / ALL
**Transmittal Number: 19123683**
**Date Processed: 12/20/2018**

| | |
|---|---|
| Primary Contact: | Leigh Anne Battersby<br>USXPRESS Enterprises<br>4080 Jenkins Rd<br>Chattanooga, TN 37421-1174 |
| Electronic copy provided to: | Joni Martin<br>Susan Bailey-Mullinax |

| | |
|---|---|
| Entity: | U.S. Xpress, Inc.<br>Entity ID Number  3372665 |
| Entity Served: | U.S. Xpress, Inc |
| Title of Action: | Charlie L. Gregory vs. Edwin D. Johnson |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Bell County Circuit Court, KY |
| Case/Reference No: | 18-CI-425 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 12/19/2018 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Jennifer F. Nagle<br>606-248-2144 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| AOC-105            Doc. Code: CI | | Case No. 18-CI- |
|---|---|---|
| Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Court    ☑ Circuit  ☐ District<br><br>County   Bell |

**PLAINTIFF**

CHARLIE                    L.            GREGORY


**VS.**

**DEFENDANT**

U.S. XPRESS, INC.



Kentucky


**Service of Process Agent for Defendant:**

| c/o Corporation Service Company, registered agent | | |
|---|---|---|
| 421 W. Main Street | | |
| Frankfort | Kentucky | 40601 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___December 13___, 2018        _____Colby Slusher____Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____Title

COMMONWEALTH OF KENTUCKY
44TH JUDICIAL CIRCUIT
BELL CIRCUIT COURT
CIVIL ACTION NO. 18-CI-425
--ELECTRONICALLY FILED--

CHARLIE L. GREGORY                                                    PLAINTIFF

v.          **DEFENDANTS' U.S. XPRESS INC. AND EDWIN JOHNSON'S
            AMENDED ANSWER
            TO PLAINTIFF'S COMPLAINT**

EDWIN D. JOHNSON, et al.                                            DEFENDANTS

*****     *****     *****

Defendants U.S. Xpress, Inc. and Edwin D. Johnson, ("Defendants") for their Answer to

Plaintiff's Complaint states as follows:

**FIRST DEFENSE**

1.     Each allegation in the Complaint not specifically admitted to be true is denied.

**SECOND DEFENSE**

2.     Defendants are without personal knowledge to admit or deny the allegations in

Paragraph 1 of the Complaint concerning the residency of Plaintiff.  The Uniform Traffic Report

indicates that he was a resident of Kentucky.

3.     The allegations in Paragraph 2 and 6 of the Complaint contain either conclusions

of law relating to service and/or service of process for which these Defendants are not required to

respond or answer.  In further response to the allegations in Paragraph 2 and 6 of the Complaint

Defendants admit that Edwin D. Johnson is a non-resident of the Commonwealth of Kentucky and

that Defendant U.S. Xpress, Inc. is authorized to do business in the Commonwealth of Kentucky

and is incorporated in Nevada.

1

4.      The allegations in Paragraphs 3, 4, 5, 7, and 8 are not directed towards Defendants and these other named defendants have been voluntarily dismissed from the suit by Plaintiff's counsel pursuant to a stipulation filed prior to any party answering under CR 41.01, and therefore, no response is necessary.

5.      Defendants admit only the allegations in Paragraph 9 of the Complaint that Edwin D. Johnson was acting within his course and scope of his employment with U.S. Xpress, Inc. on or about December 14, 2016.  All remaining allegations in Paragraph 9 of the Complaint are denied.

6.      Defendants admit only the allegations in Paragraph 10 of the Complaint that Defendant Johnson was employed by and acting within his course and scope of his employment with U.S. Xpress, Inc. Defendants state the remaining allegations are conclusions of law to which no response is needed.  If a response is necessary, Defendant admits that only U.S. Xpress, Inc. is the proper employer.  The remaining allegations in Paragraph 10 of the Complaint are denied.

7.      Defendants state in reference to the allegations in Paragraph 11 of the Complaint that at the time of the accident at issue in this case, the tractor-trailer involved in the accident was being operated under the placard and interstate motor carrier operating authority of U.S. Xpress, Inc. issued by the United States Department of Transportation, Federal Motor Carrier Safety Administration, and was being driven by Defendant Johnson, an employee of U.S. Xpress, Inc., and therefore, U.S. Xpress, Inc. and Johnson are the only remaining Defendants to said action. All remaining allegations in Paragraph 11 of the Complaint are hereby denied.

8.      Defendants deny the allegations contained in Paragraph 12 of the Complaint.

### THIRD DEFENSE

9.     Plaintiff's claims are barred, in whole or in part, on the grounds that Kentucky's Motor Vehicle Reparations Act, KRS § 304.39-010 *et seq.*, is Plaintiff's exclusive remedy for the injuries and damage claimed, and Defendants assert each and every defense available thereunder.

### FOURTH DEFENSE

10.     Pending discovery, Plaintiff's claims may be barred, in whole or in part, by his own comparative fault and/or his own failure to mitigate his alleged damages.

### FIFTH DEFENSE

11.     Pending discovery, Plaintiff's claims may be barred, in whole or in part, by the fault of other parties or persons for whom Defendants are not responsible.

### SIXTH DEFENSE

12.     Pending discovery, claims and damages asserted by Plaintiff may have been caused, in whole or in part, by causes other than the incident cited in the Complaint.

### SEVENTH DEFENSE

13.     All defenses, terms, provisions, conditions, and limitations contained in Kentucky's Motor Vehicle Reparations Act are hereby adopted, incorporated, and pled by reference herein.

### EIGHTH DEFENSE

14.     Pending discovery regarding the accident, Defendant states that Plaintiff's claims may be barred by Statute of Limitations.

### NINTH DEFENSE

15.     Defendants reserve the right to assert any defense set forth in CR 8.03 as is supported by evidence.

## TENTH DEFENSE

16.     Defendants reserve the right to amend its Answer and to assert other claims and defenses as the proof develops including appropriate cross-claims, third-party complaints, and other pleadings.

**WHEREFORE**, Defendant Edwin Johnson and U.S. Xpress, Inc., respectfully demands:

1.     Dismissal of Plaintiff's Complaint with prejudice;

2.     Recovery of its costs and attorney's fees (if applicable) incurred in defense of this action; and

3.     Any and all other relief to which Defendants are entitled.

Respectfully submitted,


s/Tracey Clemmons Smith
Tracey Clemmons Smith (Bar No. 89678)
GWIN STEINMETZ & BAIRD, PLLC
401 West Main Street
Suite 1000
Louisville, KY  40202
(502) 618-5716
tcsmith@gsblegal.com
*Counsel for Defendants, U.S. Xpress, Inc. and Edwin D. Johnson*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically, by U.S. Mail, and/or served via the AOC's electronic filing system on this 18th day of January, 2019 upon:

Jennifer F. Nagle
Nagle Law Offices
P.O. Box 248
Middlesboro, KY  40965
Jennifernagle7@gmail.com
*Counsel for Plaintiff*

s/Tracey Clemmons Smith

5